UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                               CASE NO. 6:07-cr-144-GAP-EJK

THAAR MOHAMAD SHOUMAN
_____/

## ORDER

This cause comes before the Court on the Application for Writ of Garnishment (the "Motion"), filed by the United Stats on March 28, 2024. (Doc. 82.) For the reasons set forth below, the Motion is due to be granted.

Thaar Mohamad Shouman ("Defendant") pleaded guilty to two counts of wire fraud, in violation of 18 U.S.C. § 1344, and one count of money laundering, in violation of 18 U.S.C. § 1957. (Docs. 41, 45, 48.) He was adjudicated guilty on all counts (Doc. 50), and a Judgment in a Criminal Case was entered on February 29, 2008. (Doc. 67.) As part of Shouman's plea, the Court required Shouman to pay a $300.00 special assessment and $126,557.03 in restitution. (*Id*. at 4.) The current balance, including accrued interest, is $147,459.95. (Doc. 82 at 2.) The United States now requests issuance of a writ of garnishment to Voya Financial, Inc. (the "Garnishee") compelling the Garnishee to pay to the United States all property held by the Garnishee in which Shouman has a substantial nonexempt interest, pursuant to 18 U.S.C. § 3613 and the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3002, 3202, and 3205. (*Id*. at 2; 82-1.)

The United States is permitted to enforce a criminal judgment "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The requirement to pay restitution is enforceable in the same manner as the requirement to pay a fine. *Id.* at § 3613(f). The FDCPA provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The Motion states all the information required by 28 U.S.C. § 3205(b) for issuance of a writ of garnishment.[1] (Doc. 82.)

Accordingly, it is hereby **ORDERED** the Motion (Doc. 82) is **GRANTED** as follows:

1. The United States shall provide to the Clerk a paper copy of the proposed Writ of Garnishment (Doc. 82-1) that includes Defendant Shouman's last known address. Once received, the Clerk is **DIRECTED** to issue the Writ of Garnishment.

2. Following issuance of the Writ of Garnishment, the United States shall serve the Garnishee and the judgment debtor with a copy of the Writ with

---

[1] In the Motion, the United States redacted Shouman's social security number and address, as required by Fed. R. Crim. P. 49.1. The Court will require the United States to provide the Clerk with a paper copy of the proposed writ of garnishment that includes Defendant's last known address, as required by 28 U.S.C. § 3205(c)(2)(D).

supporting instructions, and certify to the Court that this service was made in accordance with 28 U.S.C. § 3205(c)(3).

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE