# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                                                   **CASE NO. 6:07-cr-144-GAP-EJK**

**THAAR MOHAMAD SHOUMAN**
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on the Second Motion for Final Order of Garnishment (the "Motion") (Doc. 96), filed by the United States on September 11, 2024. Upon consideration, I respectfully recommend that the Motion be granted.

### I.   BACKGROUND

Thaar Mohamad Shouman ("Defendant") pleaded guilty to two counts of wire fraud, in violation of 18 U.S.C. § 1344, and one count of money laundering, in violation of 18 U.S.C. § 1957. (Docs. 41, 45, 48.) He was adjudicated guilty on all counts (Doc. 50), and a Judgment in a Criminal Case was entered on February 29, 2008. (Doc. 67.) As part of Defendant's plea, the Court required Defendant to pay a $300.00 special assessment and $126,557.03 in restitution.[1] (*Id*. at 4.) The United States sought issuance of a writ of garnishment (the "Writ") to Voya Financial, Inc. (the "Garnishee") pursuant to 28 U.S.C. § 3205. (Doc. 82.) The Court granted the motion (Doc. 83), and the Writ was served.

---

[1] With accrued interest, the amount Defendant Shouman owes in restitution is $135,697.84. (Doc. 96 at 2.)

On May 10, 2024, the Garnishee filed an answer to the Writ stating that it held $79,763.85 subject to the Writ. (Doc. 87.) The Garnishee served the answer on Defendant and on the United States. (Doc. 95.) On April 26, 2024, the Clerk issued the Clerk's Notice of Garnishment advising Defendant of the available exemptions and the right to request a hearing within 20 days. (Doc. 84-1 at 2–4.) On May 14, 2024, the United States served the Writ and the Clerk's Notice of Garnishment on Defendant. (Doc. 91 at 2.)

## II.  STANDARD

The United States is permitted to enforce a criminal judgment "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The requirement to pay restitution is enforceable in the same manner as the requirement to pay a fine. *Id.* at § 3613(f). The FDCPA provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Section 3205(c)(7) provides as follows:

> After the garnishee files an answer and if no hearing is requested within the time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property.

28 U.S.C. § 3205(c)(7).

### III. DISCUSSION

More than 20 days have passed since the answer was filed and, as of the writing of this Report & Recommendation, Defendant has not objected to the answer or requested a hearing. *See* 28 U.S.C. § 3205(c)(5). Therefore, I recommend that the Court grant the Motion and enter a final order of garnishment.

### IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Motion (Doc. 96) as follows:

1. **ENTER** a Final Order of Garnishment, pursuant to 28 U.S.C. § 3205(c)(7), directing Voya Financial, Inc., Attn: ADP TotalSource Plan Administrator, to liquidate the nonexempt interest in Defendant Shouman's account with Voya Financial, Inc., Attn: ADP TotalSource Plan Administrator, P.O. Box 389, Hartford, CT 06141—which, in the absence of objection, is the full, current balance of that account, in an amount not to exceed the total judgment of the debt.

2. I **FURTHER RECOMMEND** that the Court **TERMINATE** the Writ directed to Voya Financial, Inc., Attn: ADP TotalSource Plan Administrator, in this matter upon payment to the United States of these funds pursuant to 28 U.S.C. § 3205(c)(10)(B).

It is **ORDERED** that the United States shall provide a copy of this Report and Recommendation to Defendant Thaar Mohamad Shouman and file a certificate of service once completed.

### NOTICE TO PARTIES

A party has fourteen days from the date of service to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 17, 2024

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE